```
FILED ____ LODGED
____ RECEIVED ____ COPY

    DEC 1 6 2008

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ P DEPUTY
```

1  DAVID RIMA, *Pro Se*
   604 South Granite Street
   Gilbert, AZ 85296
2  (480) 703-1604

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

DAVID RIMA,                              ) Case No.:
                                         )
            Plaintiff,                   )
                                         )
    vs.                                  )  CV·08·2285·PHX·FJM
                                         )
                                         )
MORTGAGE ELECTRONIC REGISTRATION         )
SYSTEMS, INC.; WILMINGTON FINANCE,       ) **PETITION FOR TEMPORARY**
INC.; WILSHIRE CREDIT CORPORATION;       ) **RESTRAINING ORDER (TRO),**
MERRILL LYNCH MORTGAGE LENDING,          ) **PRELIMINARY AND PERMANENT**
INC.; MERRILL LYNCH MORTGAGE             ) **INJUCTION AND ORDER TO SHOW**
INVESTORS, INC.; SPECIALTY               ) **CAUSE**
UNDERWRITING AND RESIDENTIAL             )
FINANCE TRUST, SERIES 2006-BC3; U.S.     ) **EXPEDITED CONSIDERATION**
BANK N.A.; TIFFANY & BOSCO, P.A.;JOHN    ) **REQUESTED**
DOES 1-1000; JANE DOES 1-1000; ABC       )
CORPORATIONS I-XX; AND XYZ               )
PARTNERSHIPS I-XX                        )
                                         )

            Defendants
_____

## PETITION FOR TEMPORARY RESTRAINIG ORDER, PRELIMINARY AND

## PERMANENT INJUCTION AND ORDER TO SHOW CAUSE.

### EXPEDITED CONSIDERATION REQUESTED

Plaintiff, David Rima, apply for Temporary Restraining Order and respectfully move this Honorable Court, pursuant to Rule 65, Fed.R.Civ.P., to issue a Temporary Restraining Order, restraining and enjoining defendants, their attorneys, officers, agents, servants, employees, and all other persons in active concert or participation with them, from proceeding with a Trustee's Sale, scheduled on December 16, 2008 at 10:00 AM (EXHIBIT C) of the Plaintiff primary residence located at 604 South Granite Street. Gilbert, AZ 85296.

A Deed of Trust recorded on 3/31/2006 as instrument No.: 2006-0438550 (EXHIBIT A) shows Wilmington Finance, Inc., as "lender"; Grand Canyon Title as "Trustee; and MERS "acting as a 'nominee' for lender".

A Substitution of Trustee recorded on 9/15/2008 as instrument No.: 2008-0797072 (EXHIBIT B) shows an authorized agent from Wilshire Credit Corporation approving the substitution on behalf of present beneficiary U.S. Bank N.A.

A Notice of Trustee's Sale recorded on 9/15/2008 as instrument No.: 2008-0797073 (EXHIBIT C) shows U.S. Bank N.A. as beneficiary.

A Corporate Assignment of Mortgage/Deed of Trust recorded on 11/12/2008 as instrument No.: 2008-0797073 (EXHIBIT D) is assigned by "MERS" as nominee for Wilmington Finance, Inc. transferring the Deed of Trust to U.S. Bank N.A.

Defendant Wilshire Credit Corporation approved the Substitution of Trustee (9/15/2008), on behalf of "beneficiary" U.S. Bank N.A.; yet according to the Corporate Assignment of Mortgage/Deed of Trust recorded on 11/12/2008 shows that U.S. Bank was NOT a "beneficiary" when the Substitution of Trustee and Notice of Trustee's Sale were recorded.

The amount Defendants contends in the Notice of Default and Notice of Trustee's Sale that is in default is incorrect. Accordingly, the Plaintiff is not in default under the terms of the promissory note and deed of trust.

Plaintiff denies that any money is due and owing to Defendants. Plaintiff desires a judicial determination and declaration of Plaintiff's and Defendant's respective rights and duties; specifically that Plaintiff did not breach the terms of the promissory note and deed of trust.

Furthermore, Defendants have refused to identify the owner of the alleged debt and refuse to provide accurate accounting of the alleged debt. Defendants have refused to apply many thousands of dollars in timely mortgage payments from Plaintiff. Defendants have accepted other amounts, particularly those paid through insurance proceeds, yet has continued its attempts to foreclose without proper consideration for those payments. There is no evidence that Defendants has forwarded any payments to the actual owner of the note, who the evidence suggests may have been defrauded by Defendants.

1   Plaintiff further moves this Court to issue an Order to Show Cause why a Preliminary and
2   Permanent Injunction should not issue as prayed for in Plaintiff's Verified Complaint in this
3   action.

4   This Application for Temporary Restraining Order is supported by the Points and
5   Authorities included here and the pleadings and motions filed in this case.

6   The facts and circumstances that brought the plaintiff under the Federal Court jurisdiction
7   are that this complaint involves violations of Federal and State Law and the plaintiff and
8   defendants are citizens of different states.

9   As a whole, the complaint is based on actual count of facts and claims based on Federal
10  Law since plaintiff has pursued and exhausted all administrative remedies prior the filing of this
11  action in Court.

12  The issue is covered by the Rule of law which are 28 U.S.C § 1331; 28 U.S.C § 1332; 28
13  U.S.C § 1367; 28 U.S.C § 1391; 15 U.S.C § 1692; 12 U.S.C § 2614; 12 U.S.C. Chapter 38;
14  Jurisdiction, Title 12, Regulation Z, Part 226.1(c)(3); Title 24 CFR, Regulation X, Part 3500,
15  relative to any Arizona State claims. Also, Federal Courts may hear only those cases involving
16  federal laws, federal or sovereign parties (including states), or disputes between citizens from
17  different states. Defendants are foreign corporations from multiple states doing business in
18  multiple cities. Based on the rule of law, the United States District Court, District Court of
19  Arizona has venue and power to hear and decide on this case whose subject matter fits within the
20  court's scope of authority.

21  The United States District Court for the District of Arizona has subject matter jurisdiction
22  over the stated claims, and proper venue is within this Honorable United States District Court.

23  ## I. LEGAL ARGUMENT

24  A Party seeking equitable relief must establish four (4) traditional equitable criteria: (A) a
25  strong likelihood of success on the merits; (B) the possibility of irreparable injury not remediable
26  by damages; (C) a balance of hardships in that party's favor; and (D) public policy favoring the
27  requested relief. *Shoen v. Shoen,* 167 Ariz. 58, 63, 804 P.2d 787.792 (App. 1990); *Owner*

28

1 | *Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 1994);

2 | *see* <u>Miller ex. Rel. N.L.R.B. v. Cal. Pac. Med. Ctr.</u>, 19 F.3d 449, 456 (9th Cir. 1995)).

3 |     The critical element in this analysis is the relative hardship to the parties. *Id.* To meet this

4 | burden, the moving party may establish either (1) probable success on the merits and the

5 | possibility of irreparable injury; or (2) the presence of serious questions and "the balance tips

6 | sharply" in his favor. *Id.*, quoting *Justice v. Nat'l Collegiate Athletic Ass'n*, 577 F.Supp.356,363

7 | (D.Ariz. 1983). Additionally, a necessary requirement for injunctive relief is that the injury must

8 | be imminent or threatening. *Arnold v. Lewis*, 803 F.Supp. 246, 258 (D.Ariz.1992); *Kubby v.*

9 | *Hammond*, 68 Ariz. 17, 198 P.2d 134 (1948).

10 |     **A.**    **<u>SUCCESS ON THE MERITS</u>**

11 |     Plaintiff can establish its probable success on the merits for its causes of action for the

12 | counts that are critical to enjoining Defendants' actions and remaining on the premises that is the

13 | Plaintiff's primary property.

14 |         **1)**    Those causes of action are, but not limited to: Quiet Title; Violation of the

15 | Arizona Assignment and Satisfaction of mortgage Law and Invalid Deed of Trust Law, Violation

16 | of the Uniform Commercial Code, Fraud in the Factum, Misrepresentation and Conspiracy,

17 | Conversion/Civil Theft, Violations to Arizona Consumer Fraud Act, Unfair and Deceptive Acts

18 | and Practices, Violation to the Real Estate Settlement Procedures Act, Violation of the Fair

19 | Housing Act (1968), Violation of the Fair Debt Collections Practices Act, Violation of the Fair

20 | Credit Reporting Act, Unjust Enrichment, Breach of Fiduciary duty, RICO, Unfair Trade

21 | Practices, Slander of Property Title, Slander of Credit, Intentional Infliction of Emotional

22 | Distress.

23 |         **2)**    As explained more fully in the accompanying Verified Complaint and

24 | attachments, Defendants are responsible for the violations of state and federal Laws which

25 | occurred in the course of the loan transaction with Plaintiff. These violations include the Truth in

26 | Lending Act, 15 U.S.C. § 1601 *et seq.,* which allows Plaintiff to rescind the transaction which

27 | created the mortgage that is the subject of the above-captioned Trustee's Sale proceedings.

28 | Plaintiff has opted to exercise his extended rescission rights.

A letter of rescission was send to interested parties on December 15, 2008 via certified mail (EXIBITH E).

## B.   LIKELIHOOD OF IRREPARABLE HARM

Irreparable injury to the Plaintiff is certain if the Court does not prevent Defendants' improper conduct. Plaintiff already has suffered irreparable injury.

Equitable intervention is justified by a party's threat of unbridled continuation of the violation and the result of incalculable damage. (*See, e.g., Phoenix Orthopedic Surgeons v. Peairs*, 164 Ariz. 54, 57, 790 P.2d 752, 755 (1989); *Alpha Tax Service v. Stuart*, 158 Ariz. 169, 171, 761 P.2d 1073, 1075 (App.1988)).

As part of Defendants' scheme to defraud Plaintiff of his primary residence Property, the Defendants have committed fraud by potentially creating false documents, failing to record documents, and failing and refusing to prove to the Plaintiff who is the beneficiary under the Note and Deed of Trust. Defendants believe that they can continue doing their illegalities, rarely uncovered and exposed, without proper punishment.

The Plaintiff deserves the protection of this Court. The proof is overwhelming how the Defendants took advantage of Plaintiff as stated above and below.

If it determined that these foreclosures actions are premised upon an invalid mortgage but the sale is allowed to proceed on December 16, 2008, it is clear that Plaintiff and his family will suffer immediate, substantial and irreparable harm.

Defendants, on the other hand, will suffer relatively little harm if this Court prohibits the Trustee's Sales of the Plaintiff's primary home.

Emergency relief is especially warranted here, as Plaintiff may very well be unable to collect damages from Defendants; the Property is what is of worth here, and Defendants should not be allowed access to the Property so they can sell it and steal away with the Plaintiff's assets. Plaintiff's irreparable harm may only be mitigated by maintaining the status quo and entering an injunction preventing Defendants from any further misuses of Plaintiff's primary residential Property. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football league*, 634 F2d 1197, 1200 (9th Cir. 1980); *Del Toro-Chacon v. Chertoff*, 431 F. Supp.2d 1135, 1139-40 (W.D. Wash. 2006).

1    If Plaintiff loses his home, he can never be adequately compensated by monetary

2    damages. In addition, if Court ultimately finds that Plaintiff has validly rescinded his loan, but

3    the Trustee's Sales has proceeded as scheduled, it will be much more difficult to afford effective

4    relief to the Plaintiff, because the home will have passed to a third-party buyer.

5    **C.    THE BALANCE OF HARDSHIPS**

6    Because the risk of irreparable harm to Plaintiff is so great, the balance of hardships "tips

7    sharply" in favor of Plaintiffs. If the balance of harm tips decidedly towards the Plaintiffs, it does

8    not need to show as robust a likelihood of success on the merits as when the balance tips less

9    decidedly. (*Gilder v. P.G.A. Tour, Inc*, 936 F.2d 417, 422 (9th Cir. 1991)).

10    The harm Plaintiff will suffer if the property goes to foreclosure outweighs any harm to

11    the Defendants. If Plaintiff succeeds on the merits of his case, he will remain the owner of the

12    property at issue. If not, Defendants would be free to continue with their foreclosure

13    proceedings. Thus, Defendants will ultimately lose nothing in affording Plaintiff the opportunity

14    to have these claims fully adjudicated.

15    Plaintiff will undoubtedly be successful on the merits of the case against the Defendants

16    for his causes of action such as Quiet Title; Violation of the Arizona Assignment and

17    Satisfaction of mortgage Law and Invalid Deed of Trust Law, Violation of the Uniform

18    Commercial Code, Fraud in the Factum, Misrepresentation and Conspiracy, Conversion/Civil

19    Theft, Violations to Arizona Consumer Fraud Act, Unfair and Deceptive Acts and Practices,

20    Violation to the Real Estate Settlement Procedures Act, Violation of the Fair Housing Act

21    (1968), Violation of the Fair Debt Collections Practices Act, Violation of the Fair Credit

22    Reporting Act, Unjust Enrichment, Breach of Fiduciary duty, RICO, Unfair Trade Practices,

23    Slander of Property Title, Slander of Credit, Intentional Infliction of Emotional Distress.

24    If this Court, however, determines there is some doubt as to whether Plaintiff will

25    be successful, the Court should grant this Temporary Restraining Order (TRO) since the balance

26    of hardships test tips solely in favor of Plaintiff.

27    **D.    PUBLIC POLICY**

28

1    Public policy greatly favors granting the injunction. Defendants are attempting to conduct
2 a Trustee's Sale which is illegal, and immoral; such conduct constitutes criminal theft and civil
3 theft of the Plaintiff's Property.

4    The public has an interest in the orderly administration of justice with respect to this
5 transaction which will be defeated if the relief sought is not granted.

6    Public policy favors the proper adjudication of claims of predatory lending against
7 homeowners. Additionally, public policy dictates that the Plaintiff should not be rendered
8 homeless without a full adjudication of his case on the merits.

9    To allow the Trustee's Sales of Plaintiff's primary home without first determining the
10 validity of the underlying deed of trust undermines the public interest.

11    To allow these Trustee's sale to go any further will not only be a gross injustice but will
12 violate all notions of public policy.

13    Defendants' high foreclosure rates have adversely affected property values in Arizona.
14 More foreclosures mean less money for schools, public safety, and other key services which is
15 not for the advancement of the public interest.

16    Plaintiff's situation satisfies all of these tests, and in view of the imminence of the loss of
17 Plaintiff's primary home, injunctive relief is clearly justified.

18    Plaintiff is entitled to an injunction to stay the Trustee's Sales and any other action while
19 the merits of his claims can be litigated.

20    Unless Defendants, their directors, officers, agents, employees, attorneys, and any person
21 in active concert with them or who are acting under their direction, are immediately enjoined
22 from making further improper disposition or use of the Property, and going forward with an
23 illegal Trustee Sale, Plaintiff will be irreparably harmed and suffer injury.

24    Plaintiff has no adequate remedy at law to prevent further improper transfer, use or other
25 disposition of the Property.

26    Plaintiff moves this Court to issue a Temporary Restraining Order to preserve the status
27 quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny*

28

*Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

## II. THE BOND OR SECURITY REQUIREEMNT

Pursuant to Fed.R.Civ.P. Rule 65(c), a bond or security is required.

Plaintiff request this Honorable Court for a *de minimus* bond, because the amount that Defendants claim Plaintiff owes     In addition, Defendants will not sustain any damages if this Court issues an injunction. If this Honorable Court determines that the injunction should not have been issued after the merits of Plaintiff's defenses are heard, Defendants will be able to pursue whatever remedies are available under the deed of trust at the time. The only potential loss that may be sustained by Defendants is the costs of advertising the sale and that would be recouped at the sale.

## III. CONCLUSION

Plaintiff has shown a temporary restraining order should be issued because of his likelihood of success on the merits, the irreparable harm that will result if the order is not granted, the relative lack of harm to Defendants if the order is granted, and the order will serve the public interest.

**WEREFORE**, based upon the foregoing, Plaintiff respectfully request that this Honorable Court grant the following relief:

    A.    for a temporary restraining order and order to show cause against all Defendants, their officers, directors, agents, employees, attorneys and any person in actual concert with them or who are acting under their direction, are immediately and temporarily enjoined for the time period allowed under Fed.R.Civ.P. Rule 65, from:

        1.    transferring or otherwise disposing of the Plaintiff's primary residence located at 604 South Granite Street Gilbert, AZ 85296;

        2.    going forward with the Trustee Sale, scheduled for December 16, 2008;

3. such other and further relief as this Court deems just and necessary; and

4. an order cancelling the current Notices of Trustee Sale and Substitution of Trustee;

B. for a preliminary/permanent injunction against all Defendants, their officers, directors, agents, employees, attorneys and any person in actual concert with them or who are acting under their direction, are immediately and temporarily enjoined for the time period allowed under Rule 65, Fed.R.Civ.P., from:

1. transferring or otherwise disposing of the property, as defined in the Verified Complaint;

2. going forward with the Trustee Sale scheduled for December 16, 2008;

3. such other and further relief as this Court deems just and necessary;

C. for an Order to Show Cause why a Preliminary and Permanent Injunction should not issue as prayed for in Plaintiff's Verified Complaint in this action.

D. Dispense with the requirement of a filling of a bond or other security requirement.

E. Time is of the essence to ensure that the Trustee Sale, scheduled for December 16, 2008, is, at the very least, delayed. The Court is requested to consider this petition and on an Emergency Basis.

Dated this 15th day of December, 2008

David Rima

EXHIBIT A

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20060438550   03/31/2006   03:59
ELECTRONIC RECORDING

58000077-22-1-1--
jamesc

Return To:
Wilmington Finance, Inc.

401 Plymouth Road, Suite 400
Plymouth Meeting, PA 19462
**GRAND CANYON TITLE AGENCY**

Prepared By:
Wilmington Finance, Inc. - Region 8

2920 N Green Valley Pkwy Ste 511, Sunset
Henderson, NV 89014

58-77½ _____      [Space Above This Line For Recording Data] _____

# DEED OF TRUST

Loan Number: 4600007532                    MIN 100372406032315001

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated                    March 24, 2006
together with all Riders to this document.

**(B) "Borrower"** is
DAVID W. RIMA AND MARINA H. RIMA, HUSBAND AND WIFE AS COMMUNITY
PROPERTY WITH RIGHT OF SURVIVORSHIP

Borrower is the trustor under this Security Instrument. Borrower's mailing address is
604 SOUTH GRANITE STREET, GILBERT, AZ 85296
**(C) "Lender"** is
Wilmington Finance, Inc.
Lender is a   Corporation
organized and existing under the laws of                    Delaware

**ARIZONA** -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS                    Form 3003 1/01 (rev. 6/02)

-6A(AZ) (0205)
Page 1 of 15

Initials: _____

VMP MORTGAGE FORMS - (800)521-7291

DDS-AZT

Lender's mailing address is 401 Plymouth Road, Suite 400

Plymouth Meeting, PA 19462

**(D) "Trustee"** is

GRAND CANYON TITLE AGENCY, INC., AN AZ C                    . Trustee's mailing address is
2720 EAST CAMELBACK RD STE 100
PHOENIX, AZ 85216-

**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(F) "Note"** means the promissory note signed by Borrower and dated   March 24, 2006

The Note states that Borrower owes Lender

Five Hundred Thousand and 00/100                                                          Dollars

(U.S. $ 500,000.00                    ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than           April 1, 2036

**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☒ Other(s) [specify] |

Balloon ARM Rider

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items"** means those items that are described in Section 3.

**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter.

EXHIBIT B

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20080797072  09/15/2008  03:45
ELECTRONIC RECORDING

**WHEN RECORDED MAIL TO:**

**Tiffany & Bosco, P.A.**
Michael A. Bosco, Jr.
2525 E. Camelback Rd.
Ste. 300
Phoenix, AZ 85016

G860965-1-2-1--
sarabiam

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Loan No. 2173477

## SUBSTITUTION OF TRUSTEE
08-19989 Rima

WHEREAS, **David W. Rima and Marina H. Rima, husband and wife, as community property with right of survivorship** was the original Trustor(s), **Grand Canyon Title Agency, Inc., an AZ Corporation** was the original Trustee and **Mortgage Electronic Registration Systems, Inc.** was the original Beneficiary under that certain Deed of Trust dated **03/24/06** and recorded on _____3/31/06_____ as Recording No./Book-Page ____2006-0438550____, of Official Records of **Maricopa** County, State of Arizona and described as:

Lot 124, SILVERSTONE RANCH, according to Book 397, of Maps, page 3, Records of Maricopa County, Arizona.

WHEREAS, the undersigned present beneficiary under the said Deed of Trust hereby appoints **Michael A. Bosco, Jr., whose address is 2525 East Camelback Road, Suite 300, Phoenix, Arizona 85016, as Successor Trustee** under said Deed of Trust, and is qualified to act as Successor Trustee per ARS Section 33-803 (A)2, as a member of the Arizona State Bar.

U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificatest Series 2006-BC3 By Wilshire Credit Corporation its Attorney in Fact

By :   Christina Allen

Its :   **Authorized Agent**

State of ____MN____ )

County of ____Dakota____ )

On this day __11__ of ___Sept.___, 20__08__, before me the undersigned, Notary Public, personally appeared _____Christina Allen_____ who acknowledged that he/she is the ____**Authorized Agent**____ of the above corporation and that he/she executed the within instrument in behalf of said corporation as Beneficiary, being authorized so to executed.

MARK BISCHOF
NOTARY PUBLIC- MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2013

Notary Public

1-31-13

Exp. date

EXHIBIT

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20080797073   09/15/2008   03:45
ELECTRONIC RECORDING

G860965-2-2-2--
sarabiam

WHEN RECORDED MAIL TO:

**TIFFANY & BOSCO, P.A.**
Michael A. Bosco, Jr.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

2173477/2173477
Title No: G860965
FHA/VA No.:

## NOTICE OF TRUSTEE'S SALE
### File ID. #08-19989  Rima

Notice is hereby given that **Michael A. Bosco, Jr., Attorney at Law**, as trustee (or successor trustee, or substituted trustee), pursuant to the Deed of Trust which had an original balance of **$500,000.00** executed by **David W. Rima and Marina H. Rima, husband and wife, as community property with right of survivorship, 604 South Granite Street, Gilbert, AZ 85296**, dated **March 24, 2006** and recorded **March 31, 2006**, as Instrument No./Docket-Page **2006-0438550** of Official Records in the office of the County Recorder of **Maricopa** County, State of Arizona, will sell the real property described herein by public auction on **December 16, 2008 at 10:00 A.M. at the office of Michael A. Bosco, Jr., Third Floor Camelback Esplanade II, 2525 East Camelback Road, in the City of Phoenix, County of Maricopa, State of Arizona**, , to the highest bidder for cash (in the forms which are lawful tender in the United States and acceptable to the Trustee, payable in accordance with ARS 33-811A), all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and more fully described as:

Lot 124, SILVERSTONE RANCH, according to Book 397, of Maps, Page 3, Records of Maricopa County, Arizona.

The street address/location of the real property described above is purported to be:

> **604 South Granite Street**
> **Gilbert, AZ  85296**
> **Tax Parcel No.: 304-22-768**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

*(Notice of Sale continued following page ..........)*

*Page 2 of Notice of Trustee's Sale*
*File ID: 08-19989 Rima*

The beneficiary under the aforementioned Deed of Trust has accelerated the Note secured thereby and has declared the entire unpaid principal balance, as well as any and all other amounts due in connection with said Note and/or Deed of Trust, immediately due and payable.

Said sale will be made in an "as is" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided therein, and the unpaid principal balance of the Note secured by said Deed of Trust with interest thereon as proved in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

Current Beneficiary:
U.S. Bank Natl/Specialty 2006-BC3
Care of / Servicer
Wilshire/Fidelity
c/o   Fidelity   National   Foreclosure
Solutions
1270 Northland Drive, Ste. 200
Mendota Heights, MN  55120

Current Trustee:
Michael A. Bosco, Jr.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
(602) 255-6000

Dated : September 15, 2008

Michael A. Bosco, Jr., Attorney at Law
Trustee/Successor Trustee, is qualified per
ARS Section 33-803 (A)2 as a member of
The Arizona State Bar

STATE OF ARIZONA)
                ) ss.
County of Maricopa    )

This instrument was acknowledged before me on 09/15/08, by MICHAEL A. BOSCO, JR., Attorney at Law, as Trustee/Successor Trustee.

My Commission Expires:

OFFICIAL SEAL
MOTT J. BLAKE
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Jan. 1, 2012

Mott J. Blake, Notary Public
Commission expiration is 1/1/2012 12:00:00 AM

NOTICE:  This proceeding is an effort collect a debt on behalf of the beneficiary under the referenced Deed of Trust.  Any information obtained will be used for that purpose.  Unless the loan is reinstated, this Trustee's Sale proceedings will result in foreclosure of the subject property.

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20080969097  11/12/2008  11:09
ELECTRONIC RECORDING

g860965as-2-1-1--
sarabiam

INSTRUMENT PREPARED BY AND
WHEN RECORDED MAIL TO:
Wilshire Credit Corporation
14523 SW Millikan Way, #200
Beaverton, OR 97005

08-19989

Loan: 2173477
MIN 10037240603231501
APN / Tax ID:

This area for recording office use

G860965  **Corporate Assignment of Mortgage/Deed of Trust**

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC3

with an address of 60 Livingston Avenue, Corporate Trust, St. Paul, MN  MN

All beneficial interest under that certain Mortgage/Deed of Trust dated 03/24/2006 and executed by DAVID W RIMA, MARINA H RIMA  the original lender being WILMINGTON FINANCE, INC., in the original amount of $500,000.00 and the Trustee being GRAND CANYON TITLE AGENCY, INC.

Recorded on 03/31/2006 in book  at page  as Instrument No. 20060438550 of Official Records in the County Recorder's office of MARICOPA, State of Arizona.

Property Address: 604 S GRANITE ST, GILBERT, AZ  852963115

See attached legal description.

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under this Mortgage/Deed of Trust.

*Effective September 10, 2008*  "MERS" is Mortgage Electronic Registration Systems, Inc. as Nominee for  WILMINGTON FINANCE, INC

*Busselaar*

Name: Charlene Busselaar
Title: Assistant Secretary

STATE OF OR

COUNTY OF Washington

On 9/26/2008 before me, Corinne M Siliang, Notary Public

Personally appeared Charlene Busselaar, who is the Assistant Secretary of said corporation

Personally known to me –OR–

Proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

OFFICIAL SEAL
CORINNE M. SILIANG
NOTARY PUBLIC - OREGON
COMMISSION NO. 429475
MY COMMISSION EXPIRES JUNE 1, 2012

Corinne M Siliang, Notary Public

# Exhibit A/Legal Description
# G860965

LOT 124, SILVERSTONE RANCH, ACCORDING TO BOOK 397, OF MAPS, PAGE 3, RECORDS OF MARICOPA COUNTY, ARIZONA.

**ROBERT R. JUNG**
ATTORNEY AT LAW
21001 North Tatum Blvd
Suite 1630-725
(480) 704-5030                    Phoenix, Arizona 85050              Robert.Jung@azbar.org

December 15, 2008

Specialty Underwriting & Residential Finance        Certified Mail No.: 70081300000039930335
And its Assignees                                   Return receipt Requested
650 Third Avenue South
Suite 1500
Minneapolis, Minnesota 55402

RE:   David Rima

      Account Number:      2173477
      Property Address:    604 South Granite Street
                     Gilbert, AZ 85296

Dear Counsel:

I represent the Rimas concerning the loan transaction which they entered into with Wilmington Finance, Inc., on March 24, 2006. I have been authorized by my Clients to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635(b), Regulation Z § 226.23(a)(2), 226.15(a)(2), Official Staff Commentary 226.23(a)(2)-1. In addition the Rima reserve all rights to raise additional or alternative grounds for rescission under state or federal law.

The security interest held by Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees is void upon mailing of this notice. *See* 15 U.S.C. § 1635; Regulation Z, §§ 226.23. Once the right to rescind is exercised, the security interest in the Rima's property becomes void-ab-initio. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. 1635(b); Reg. Z 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary 226.15(d)(1)-1, 226.23(d)(1)-1.).

The Truth-in-Lending law empowers the Rimas, to exercise their right in writing by notifying creditors of their cancellation by mail to rescind the mortgage loan transactions per (Reg. Z 226.15(a)(2), 226.23(a)(2), Official Staff Commentary 226.23(a)(2)-1) and 15 U.S.C. 1635(b).

The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. 1635(b); Reg. Z 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary 226.15(d)(1)-1, 226.23(d)(1)-1.).

In addition, the security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute and not subject to judicial modification. This requires Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations i-XX; and XYZ Partnerships I-XX, and their assignees to submit canceling documents creating the security interest and filing release or termination statements in the public record. (Official Staff Commentary 226.15(d)(2)-3, 226.23(d)(2)-3).

The statute and Regulation Z make it clear that the Rimas have the extended right (due to tolling of statutes of limitation) and choose to exercise it; the security interest and obligation to pay charges are automatically voided. (*Cf. Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 704-05 (9th Cir. 1986)

The statute, section 1635(b) states: "When an obligor exercises his right to cancel, any security interest given by the obligor becomes void upon such rescission". Also, it is clear from the statutory language that the court's modification authority extends only to the procedures specified by section 1625(b).

The voiding of the security interest is not a procedure, in the sense of a step to be followed or an action to be taken. There is no statute that gives courts equitable discretion to alter TILA's substantive provisions. Since the rescission process was intended to be self-enforcing, failure to comply with the rescission obligations subjects Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations i-XX; and XYZ Partnerships I-XX, and their assignees and Tiffany & Bosco, P.A., to potential liability.

Non-compliance is a violation of the act which gives rise to a claim for actual and statutory damages under 15 USC 1640. TIL rescission does not only cancel a security interest in the property but it also cancels any liability in my client's behalf, to pay finance and other charges, including accrued interest, points, broker fees, closing costs and that the lender must refund to my client, the Rimas, all finance charges and fees paid.

In case Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and

Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations i-XX; and XYZ Partnerships I-XX, and their assignees do not respond to my client's rescission letter, the Rimas have the option of enforcing the rescission right in the federal, bankruptcy or state court (*See* S. Rep. No. 368, 96th Cong. 2 Sess. 28 at 32 reprinted in 1980 U.S.C.A.N. 236, 268 ("The bill also makes explicit that a consumer may institute suit under section 130 [15 U.S.C., 1640] to enforce the right of rescission and recover costs and attorney fees").

TIL rescission does not only cancel a security interest in the property but it also cancels any liability in my client's behalf, to pay finance and other charges, including accrued interest, points, broker fees, closing costs and Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations i-XX; and XYZ Partnerships I-XX, and their assignees must refund to client all finance charges and fees paid. Thus, Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations i-XX; and XYZ Partnerships I-XX, and their assignees are obligated to return those charges to the Rimas, (*Pulphus v. Sullivan*, 2003 WL 1964333, at *17 (N.D. Apr. 28, 2003) (citing lender's duty to return consumer's money); *McIntosh v. Irwing Union Bank & Trust Co.*, 215 F.R.D. 26 (D. Mass. 2003) (citing borrower's right to be reimbursed).

First, by operation of law, the security interest and promissory note automatically becomes void and the consumer is relieved of any obligation to pay any finance or other charges (15 USC 1635(b); Reg. Z-226.15(d)(1),226.23(d)(1). See Official Staff Commentary 226.23(d)(2)-1. (*See Willis v. Friedman*, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2, 2002) (Once the right to rescind is exercised, the security interest in my property becomes void ab initio). Thus, the security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. (*See Family Financial Services v. Spencer*, 677 A.2d 479 (Conn. App. 1996) (all that is required is notification of the intent to rescind, and the agreement is automatically rescinded). Courts have held that the rescission effectively voids the security interest, rendering the debt, if any, unsecured. (*See in re Perkins*, 106 B.R. 863, 874 (Bankr. E.D.Pa. 1989); In re *Brown*, 134 B.R. 134 (Bankr. E.D.Pa. 1991); In re *Moore*, 117 B.R. 135 (Bankr.E.D. Pa. 1990)).

It is clear from the statutory language that the court's modification authority extends only to the procedures specified by section 1635(b). The voiding of the security interest is not a procedure, in the sense of a step to be followed or an action to be taken. The statute makes no distinction between the right to rescind in 3-day or extended as neither cases nor statute give courts equitable discretion to alter TILA's substantive provisions. Also, after the security interest is voided, secured creditor becomes unsecured.

Second, since the Rimas, have legally rescinded the loan transaction, the mortgage holders, Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC

Corporations i-XX; and XYZ Partnerships I-XX, and their assignees must return any money, including that which may have been passed on to a third party, such as a broker or an appraiser and to take any action necessary to reflect the termination of the security interest within 20 calendar days of receiving the rescission notice. The creditor's other task is to take any necessary or appropriate action to reflect the fact that the security interest is automatically terminated by the rescission within 20 days of the creditor's receipt of the rescission notice (15 USC 1635(b); Reg. Z-226.15(d)(2),226.23(d)(2).

Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations i-XX; and XYZ Partnerships I-XX, and their assignees are to take any necessary or appropriate action to reflect the fact that the security interest was automatically terminated by the rescission (15 USC 1635(b); Reg. Z-226.15(d)(2),226.23(d)(2). This requires canceling documents creating the security interest and filing release or termination statements in the public record of FREE and CLEAR TITLE to the Rimas.

Should Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations i-XX; and XYZ Partnerships I-XX, and their assignees not cancel the security interest and return all monies paid by me within the 20 days of receipt of the letter of rescission, the lenders named above are responsible for actual and statutory damages pursuant to 15 U.S.C. 1640(a).

The Rimas is prepared to discuss a tender obligation, should it arise, and satisfactory ways in which to meet this obligation per 15 U.S.C. 1635(b). In fact, client has in good faith attempted to settle the loan and the true beneficiary has refused to negotiate in good faith. Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees refusal to negotiate in good faith is a conduct that violates the standards of decency and reasonableness. The termination of the security interest is required before tendering and step 1 and 2 have to be respected by Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees

Pursuing foreclosure proceedings is a clear violation of the rule of law, since neither Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees and Tiffany & Bosco, P.A., have Standing to pursue foreclosure action because, once TILA notice of rescission is given, the lien or security interest in plaintiff's property becomes void ab initio, even if a court has not yet ruled on the

validity of the Rima's rescission (*Willis v. Friedman*, Clearinghouse No. 54,564 (Md. Ct. Spec. App. May 2, 2002)).

As a result, I respectfully request that you immediately rescind the notice of trustee sale. If you refuse and proceed with this illegal foreclosure, I will have no choice but to file a lawsuit in Court to enjoin your illegal foreclosure. Among the possible actions, not limited to, against Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX,  Tiffany & Bosco, P.A., and their assignees are the following: Breach of Fiduciary duty, Violation of the Arizona Assignment and Satisfaction of mortgage Law and Invalid Deed of Trust Law, Violation of the Uniform Commercial Code, Fraud-Misrepresentation and Conspiracy, Conversion/Civil Theft, Violations to Truth in Lending Act, Violation to the Home Ownership and Equity Protection Act, Violation to the Real Estate Settlement Procedures Act, Violation of the Fair Debt Collections Practices Act, Violation of the Fair Credit Reporting Act, Violations to Arizona Consumer Fraud Act, Unjust Enrichment, RICO, Unfair Trade Practices, Slander of Property Title, Slander of Credit, Intentional Infliction of Emotional Distress.

Should you decide to continue with foreclosure proceedings, your conduct will be illegal, immoral and unethical; such conduct will constitute criminal theft and civil theft of the real property subject to the Esquivel's rescission rights. In such event, Rima's may be allowed to collect costs and punitive damages against Specialty Underwriting & Residential Finance.

Sincerely,

Robert R. Jung

**ROBERT R. JUNG**
ATTORNEY AT LAW
21001 North Tatum Blvd
Suite 1630-725
(480) 704-5030                    Phoenix, Arizona  85050                    Robert.Jung@azbar.org

December 15, 2008

Tiffany & Bosco, P.A.                         Certified Mail No.:  70081300000039930946
2525 East Camelback RD                        Return receipt Requested
Suite 300
Phoenix, Arizona. 85016

RE:   David Rima

        Sale File I.D. # 08-19989
        Account Number:     2173477
        Property Address:    604 South Granite Street
                             Gilbert, AZ  85296

Dear Counsel:

I represent the Rimas concerning the loan transaction which they entered into with Wilmington Finance, Inc., on March 24, 2006. I have been authorized by my Clients to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635(b), Regulation Z § 226.23(a)(2), 226.15(a)(2), Official Staff Commentary 226.23(a)(2)-1. In addition the Rima reserve all rights to raise additional or alternative grounds for rescission under state or federal law.

The security interest held by Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees is void upon mailing of this notice. See 15 U.S.C. § 1635; Regulation Z, §§ 226.23. Once the right to rescind is exercised, the security interest in the Rima's property becomes void-ab-initio. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. 1635(b); Reg. Z 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary 226.15(d)(1)-1, 226.23(d)(1)-1.).

*first page only*

**ROBERT R. JUNG**
ATTORNEY AT LAW
21001 North Tatum Blvd
Suite 1630-725
(480) 704-5030                    Phoenix, Arizona  85050                    Robert.Jung@azbar.org

December 15, 2008

Wilshire Credit Corporation            Certified Mail No.:  70081300000039930359
And its Assignees                      Return receipt Requested
14523 SW Millikan Way, Suite 200
Beaverton, Oregon 97005

RE:    David Rima

      Account Number:        2173477
      Property Address:      604 South Granite Street
                       Gilbert, AZ  85296

Dear Counsel:

I represent the Rimas concerning the loan transaction which they entered into with Wilmington Finance, Inc., on March 24, 2006. I have been authorized by my Clients to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635(b), Regulation Z § 226.23(a)(2), 226.15(a)(2), Official Staff Commentary 226.23(a)(2)-1. In addition the Rima reserve all rights to raise additional or alternative grounds for rescission under state or federal law.

The security interest held by Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees is void upon mailing of this notice. See 15 U.S.C. § 1635; Regulation Z, §§ 226.23. Once the right to rescind is exercised, the security interest in the Rima's property becomes void-ab-initio. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. 1635(b); Reg. Z 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary 226.15(d)(1)-1, 226.23(d)(1)-1.).

*first page only*

**ROBERT R. JUNG**
ATTORNEY AT LAW
21001 North Tatum Blvd
Suite 1630-725
(480) 704-5030                    Phoenix, Arizona 85050          Robert.Jung@azbar.org

December 15, 2008

MERS, INC                                    Certified Mail No.: 70081300000039930939
And its Assignees                            Return receipt Requested
P.O.BOX 2026
Flint, MI 48501-2026

RE:    David Rima

        Account Number:      2173477
        Property Address:    604 South Granite Street
                            Gilbert, AZ 85296

Dear Counsel:

I represent the Rimas concerning the loan transaction which they entered into with Wilmington Finance, Inc., on March 24, 2006. I have been authorized by my Clients to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635(b), Regulation Z § 226.23(a)(2), 226.15(a)(2), Official Staff Commentary 226.23(a)(2)-1. In addition the Rima reserve all rights to raise additional or alternative grounds for rescission under state or federal law.

The security interest held by Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees is void upon mailing of this notice. See 15 U.S.C. § 1635; Regulation Z, §§ 226.23. Once the right to rescind is exercised, the security interest in the Rima's property becomes void-ab-initio. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. 1635(b); Reg. Z 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary 226.15(d)(1)-1, 226.23(d)(1)-1.).

*First page only*

**ROBERT R. JUNG**
ATTORNEY AT LAW
21001 North Tatum Blvd
Suite 1630-725

(480) 704-5030                    Phoenix, Arizona  85050              Robert.Jung@azbar.org

December 15, 2008

Merrill Lynch Mortgage Investors, Inc.        Certified Mail No.:  70081300000039930953
And its Assignees                             Return receipt Requested
250 Vesey Street
4 World Financial Center, 10th Floor
New York, NY  10080

RE:   David Rima

      Account Number:        2173477
      Property Address:      604 South Granite Street
                                  Gilbert, AZ  85296

Dear Counsel:

I represent the Rimas concerning the loan transaction which they entered into with Wilmington Finance, Inc., on March 24, 2006. I have been authorized by my Clients to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635(b), Regulation Z § 226.23(a)(2), 226.15(a)(2), Official Staff Commentary 226.23(a)(2)-1. In addition the Rima reserve all rights to raise additional or alternative grounds for rescission under state or federal law.

The security interest held by Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees is void upon mailing of this notice. *See* 15 U.S.C. § 1635; Regulation Z, §§ 226.23. Once the right to rescind is exercised, the security interest in the Rima's property becomes void-ab-initio. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. 1635(b); Reg. Z 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary 226.15(d)(1)-1, 226.23(d)(1)-1.).

*first page only*

**ROBERT R. JUNG**
ATTORNEY AT LAW
21001 North Tatum Blvd
Suite 1630-725

(480) 704-5030                    Phoenix, Arizona  85050                    Robert.Jung@azbar.org

December 15, 2008

Merrill Lynch Mortgage Lending, Inc.          Certified Mail No.:  70081300000039930960
And its Assignees                             Return receipt Requested
250 Vesey Street
4 World Financial Center, 10th Floor
New York, NY  10080

RE:   David Rima

        Account Number:      2173477
        Property Address:    604 South Granite Street
                             Gilbert, AZ  85296

Dear Counsel:

I represent the Rimas concerning the loan transaction which they entered into with Wilmington Finance, Inc., on March 24, 2006. I have been authorized by my Clients to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635(b), Regulation Z § 226.23(a)(2), 226.15(a)(2), Official Staff Commentary 226.23(a)(2)-1. In addition the Rima reserve all rights to raise additional or alternative grounds for rescission under state or federal law.

The security interest held by Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees is void upon mailing of this notice. *See* 15 U.S.C. § 1635; Regulation Z, §§ 226.23. Once the right to rescind is exercised, the security interest in the Rima's property becomes void-ab-initio. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. 1635(b); Reg. Z 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary 226.15(d)(1)-1, 226.23(d)(1)-1.).

*first page only*

**ROBERT R. JUNG**
ATTORNEY AT LAW
21001 North Tatum Blvd
Suite 1630-725
(480) 704-5030                    Phoenix, Arizona  85050              Robert.Jung@azbar.org

December 15, 2008

Wilmington Finance, Inc.                    Certified Mail No.:  70081300000039930342
And its Assignees                           Return receipt Requested
401 Plymouth Road
Suite 400
Plymouth Meeting, PA  19462

RE:   David Rima

          Account Number:      2173477
          Property Address:    604 South Granite Street
                               Gilbert, AZ  85296

Dear Counsel:

I represent the Rimas concerning the loan transaction which they entered into with Wilmington Finance, Inc., on March 24, 2006. I have been authorized by my Clients to rescind this transaction and hereby exercise that right pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1635(b), Regulation Z § 226.23(a)(2), 226.15(a)(2), Official Staff Commentary 226.23(a)(2)-1. In addition the Rima reserve all rights to raise additional or alternative grounds for rescission under state or federal law.

The security interest held by Wilmington Finance, Inc., MERS, Inc., Wilshire Credit Corporation; Merrill Lynch Mortgage Lending, Inc., Merrill Lynch Mortgage Investors, Inc., Specialty Underwriting and Residential Finance Trust, Series 2006-BC3; U.S. Bank N.A.; John Does 1-1000; Jane Does 1-1000; ABC Corporations I-XX; and XYZ Partnerships I-XX, and their assignees is void upon mailing of this notice. See 15 U.S.C. § 1635; Regulation Z, §§ 226.23. Once the right to rescind is exercised, the security interest in the Rima's property becomes void-ab-initio. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. 1635(b); Reg. Z 226.15(d)(1), 226.23(d)(1). As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary 226.15(d)(1)-1, 226.23(d)(1)-1.).

*first page only*









